IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IAN CUYPERS,

    Plaintiff,

v.

                                                          Case No: 24-CV-743

SUPERIOR POLICE DEPARTMENT
OFFICERS JUSTIN TAYLOR, TAYLOR
GAARD, SGT. MATTHEW BROWN and
CITY OF SUPERIOR,

    Defendants.

## SUPERIOR POLICE DEPARTMENT OFFICERS JUSTIN TAYLOR, TAYLOR GAARD, SGT. MATTHEW BROWN AND CITY OF SUPERIOR'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The Defendants, Superior Police Department Officers Justin Taylor, Taylor Gaard, Sergeant Matthew Brown, and the City of Superior, by their attorneys, Crivello, Nichols & Hall, S.C., answer Plaintiff's First Amended Complaint as follows:

### INTRODUCTION

1. Answering paragraph 1, lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same putting the plaintiff specifically to his proof thereon.

2. Answering paragraph 2, deny liability, deny that Defendants' conduct caused plaintiff's injuries, and deny they violated plaintiff's constitutional rights, as to remaining allegations lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

## JURISTICTION AND VENUE

3. Answering paragraph 3, admit the jurisdiction of this court is proper, but deny there was any violation of the plaintiff's Constitutional Rights or violations of the law.

4. Answering paragraph 4, admit the venue of this Court is proper, but deny there was any violation of the plaintiff's Constitutional Rights or violations of the law.

## PARTIES

5. Answering paragraph 5, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

6. Answering paragraph 6, admit.

7. Answering paragraph 7, admit.

8. Answering paragraph 8, not a factual allegation but instead a legal conclusion to which no response is required; to the extent a response is required, deny plaintiff's description as either complete or correct and deny liability.

## FACTUAL ALLEGATIONS

9. Answering paragraph 9, admit plaintiff made a wrong turn down a one-way street and was pulled over by Justin Taylor. As to remainder of allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

10. Answering paragraph 10, admit plaintiff was moving around in vehicle, as to remainder of allegations lack knowledge and information sufficient to form a belief as to the

truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

11. Answering paragraph 11, admit.

12. Answering paragraph 12, admit.

13. Answering paragraph 13, deny.

14. Answering paragraph 14, admit Defendant Taylor directed plaintiff to exit his car, deny remainder of allegations.

15. Answering paragraph 15, deny.

16. Answering paragraph 16, admit plaintiff did not obey commands, as to remainder of allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

17. Answering paragraph 17, admit plaintiff could see officers pointing guns at him, as to remainder of allegations lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

18. Answering paragraph 18, deny.

19. Answering paragraph 19, admit.

20. Answering paragraph 20, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same putting the plaintiff specifically to his proof thereon.

21. Answering paragraph 21, admit that because plaintiff was refusing to follow officers' lawful commands, and the fact that they were unsure if he had a weapon, Defendant

Gaard advised plaintiff that if he continued to resist, he would be tased.

22. Answering paragraph 22, deny.

23. Answering paragraph 23, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same putting the plaintiff specifically to his proof thereon.

24. Answering paragraph 24, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same putting the plaintiff specifically to his proof thereon.

25. Answering paragraph 25, deny.

26. Answering paragraph 26, deny.

27. Answering paragraph 27, deny.

28. Answering paragraph 28, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same putting the plaintiff specifically to his proof thereon.

29. Answering paragraph 29, admit.

30. Answering paragraph 30, admit officers removed the taser probes, as to remainder of allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same putting the plaintiff specifically to his proof there

31. Answering paragraph 31, admit.

32. Answering paragraph 32, admit that while Plaintiff was in the squad car, Officers discussed completing Plaintiff's DoorDash delivery and mentioned TikTok. Deny the Officers "joked around."

4

33. Answering paragraph 33, admit Defendants Gaard and Brown discussed with Defendant Taylor what charges or citations he would pursue. As to remainder of allegations, deny.

34. Answering paragraph 34, deny that plaintiff's allegations are accurate or complete and, therefore, deny the same.

35. Answering paragraph 35, deny that plaintiff's allegations are accurate or complete, and, therefore, deny the same.

36. Answering paragraph 36, deny Defendant Taylor lacked probable cause to believe plaintiff committed resisting or obstructing a police officer. Admit Defendant Taylor drove plaintiff to the local jail and issued him tickets for driving the wrong way and resisting or obstructing.

37. Answering paragraph 37, admit.

38. Answering paragraph 38, deny.

39. Answering paragraph 39, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

40. Answering paragraph 40, admit.

41. Answering paragraph 41, deny.

42. Answering paragraph 42, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

43. Answering paragraph 43, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

44. Answering paragraph 44, deny Defendants' assaulted plaintiff, as for remainder of the allegations lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

45. Answering paragraph 45, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

46. Answering paragraph 46, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

47. Answering paragraph 47, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

48. Answering paragraph 48, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

49. Answering paragraph 49, deny Defendants' assaulted plaintiff, as for remainder of the allegations lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

50. Answering paragraph 50, deny Defendants' assaulted plaintiff, as for remainder of the allegations lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

51. Answering paragraph 51, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

52. Answering paragraph 52, deny.

### COUNT I - 42 U.S.C. § 1983
### EXCESSIVE FORCE

53. Answering paragraph 53, Defendants incorporate answers to paragraphs 1-52.

54. Answering paragraph 54, admit.

55. Answering paragraph 55, deny.

56. Answering paragraph 56, deny.

### COUNT II - 42 U.S.C. § 1983
### FAILURE TO INTERVENE

57. Answering paragraph 57, Defendants incorporate answers to paragraphs 1-56.

58. Answering paragraph 58, admit.

59. Answering paragraph 59, deny.

### COUNT III – State Law Claim
### MALICIOUS PROSECUTION

60. Answering paragraph 60, Defendants incorporate answers to paragraphs 1-59.

61. Answering paragraph 61, admit.

62. Answering paragraph 62, deny.

63. Answering paragraph 63, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to his proof thereon.

64. Answering paragraph 64, deny.

65. Answering paragraph 65, not a factual allegation but instead a legal conclusion to which no response is required; to the extent a response is required, deny plaintiff's description as either complete or correct.

66. Answering paragraph 66, not a factual allegation but instead a legal conclusion to which no response is required; to the extent a response is required, deny plaintiff's description as either complete or correct.

## COUNT III – State Law Claim
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Answering paragraph 67, Defendants incorporate answers to paragraphs 1-66.

68. Answering paragraph 68, admit.

69. Answering paragraph 69, deny.

70. Answering paragraph 70, deny.

71. Answering paragraph 71, deny.

72. Answering paragraph 72, deny.

73. Answering paragraph 73, not a factual allegation but instead a legal conclusion to which no response is required; to the extent a response is required, deny plaintiff's description as either complete or correct.

74. Answering paragraph 74, not a factual allegation but instead a legal conclusion to which no response is required; to the extent a response is required, deny plaintiff's description as either complete or correct.

### COUNT III – State Law Claim
### INDEMNIFICATION

75. Answering paragraph 75, Defendants incorporate answers to paragraphs 1-74.

76. Answering paragraph 76, admit.

77. Answering paragraph 77, not a factual allegation but instead a legal conclusion to which no response is required; to the extent a response is required, deny plaintiff's description as either complete or correct.

78. Answering paragraph 78, admit that at all times relevant to this action, the Defendant Officers were acting in the scope of their employment with the City of Superior; as to the remaining allegations, deny plaintiff's description as either complete or correct.

### AFFIRMATIVE DEFENSES

The Defendants, Superior Police Department Officers Justin Taylor, Taylor Gaard, Sergeant Matthew Brown, and City of Superior, by their attorneys, Crivello, Nichols & Hall, S.C., submit the following affirmative defenses to the plaintiff's Complaint:

a. All or a portion of plaintiff's Complaint fails to state a claim upon which relief can be granted;

b. These answering Defendants are immune from suit under common law and statutory immunities and privileges, including qualified immunity, absolute immunity, and discretionary immunity;

c. To the extent that a Defendant is named in his individual capacity, all or portions of the Complaint must be dismissed due to the lack of the defendant's personal involvement;

d. Plaintiff may lack standing to raise the claims asserted in the Complaint;

9

e.     All or portions of this Complaint must be dismissed for failure to exhaust administrative remedies;

f.     At all times relevant to matters alleged in plaintiff's Complaint, the defendants acted in good faith and in accordance with established laws and administrative rules; and

g.     Plaintiff has failed to provide timely or sufficient notice of claim as required under Wis. Stat. 893.80;

h.     Plaintiff's claims are subject to the limitations, pre-requisites, and immunities contained within Wis. Stat. § 893.80;

i.     The applicable statute of limitations bars the claims;

j.     The claims are barred by the doctrine of res judicata;

k.     These answering Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

**WHEREFORE**, the Defendants respectfully request judgment as follows:

a.     for a dismissal of the plaintiff's Complaint upon its merits;

b.     for the costs and disbursements of this action; and

c.     for such other relief as this court deems just and equitable.

**DEFENDANTS HEREBY DEMAND A JURY.**

Dated this 23rd day of December, 2024.

          **CRIVELLO, NICHOLS & HALL, S.C.**
          Attorneys for Defendants, Superior Police Department Officers Justin Taylor, Taylor Gaard, Sergeant Matthew Brown, and City of Superior

    By:  s/ Kiley B. Zellner
          SAMUEL C. HALL, JR.
          State Bar No.: 1045476
          KILEY B. ZELLNER
          State Bar No,: 1056806
          MAXWELL P. CONGDON
          State Bar No.: 1139726
          710 N. Plankinton Ave., Suite 500
          Milwaukee, WI 53203
          Phone: 414-271-7722
          Email: shall@crivellocarlson.com
                 kzellner@crivellolaw.com
                 mcongdon@crivellolaw.com